UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-mc-80743-DMM

IN RE APPLICATION OF
ORTHOGEN INTERNATIONAL GmbH,

    Petitioner,

For an order pursuant to 28 U.S.C. § 1782
to conduct discovery for use in a foreign
proceedings.
_____/

MEMORANDUM OF LAW IN SUPPORT OF
OBJECTIONS TO SUBPOENAS DUCES TECUM, MOTION
TO QUASH OR MODIFY SUBPOENAS OR IN THE ALTERNATIVE
MOTION TO STAY ENFORCEMENT OF SUBPOENAS

Deponents, Edward Capla and Yolanda Capla, file this Memorandum of Law in Support of their Objections to Subpoena Duces Tecum, Motion to Quash or Modify Subpoenas or in the alternative their Motion to Stay Enforcement of Subpoenas and show the following:

Judicial Discretion in Section 1782 Proceedings

1.    28 U.S.C. § 1782 authorizes, but does not require, that district courts provide judicial assistance to Section 1782 applicants. *See Sergeeva v. Tripleton International, Ltd.*, 834 F.3d 1194, 1198 (11th Cir. 2016). "The law is clear that 'a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.'" *Application of Consorcio Ecuatoriano de Telecommunicaciones, S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014).

2.    "Whether, and to what extent, to honor a request for assistance pursuant to § 1782 has been committed by Congress to the sound discretion of the district court." *United Kingdom v. United States*, 238 F.3d 1312, 1318-1319 (11th Cir. 2001). The discretion given to the district courts to honor a request for assistance is broad. *See In re Clerici*, 481 F.3d 1324, 1331 (11th Cir.

Case No. 23-mc-80743-DMM

2007)("Congress has given the district courts broad discretion in granting judicial assistance to foreign countries.")

<u>Discretionary Factors for a District Court to Consider</u>

3. In exercising this discretion, a district court should consider four (4) factors:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*In re Clerici*, 481 U.S. at 1334, *quoting, Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (2004).

4. "While the [discretionary] factors are routinely discussed individually, they should not be considered independent of each other; rather, they should be considered collectively by a court when deciding whether to excise its discretion in granting a § 1782 application." *In re Abud Velech*, 2020 WL 8919124 at *5 (S.D. Fla. Dec. 31, 2020). *See also In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, 2021 WL 2323226 at *6 (S.D. Fla. Jun. 1, 2021), for an analogous holding.

5. Congress' twin aims in adopting 28 U.S.C. § 1782 were "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. at 252.

6. District courts within the Eleventh Circuit have been instructed "not [to] order a

course of action that would lead to an indentical result through far less efficient means and that would contravene § 1782's twin aims ...." *In re Applcation of Department of Caldas*, 925 F.3d 1218, 1224 (11th Cir. 2019).

7. The depositions of Edward Capla and Yolanda Capla in the present Section 1782 proceeding would be an inefficient course of action. Because of the absence of the third side to the dispute, Dr. Douglas Schottenstein, in the present proceeding, Mr. and Mrs. Capla face the pending risk that they will be deposed again on the identical subject in the pending action in the Southern District of New York, where the Schottenstein parties have sued both the Caplas and Orthogen International GmbH, and its officers who were involved in the royalty transactions that are the subject of the three sided dispute.

8. Further, as set out in the Declaration of Dr. Daniel H. Sharma, Edward Capla and Yolanda Capla could be subjected to discovery in the German courts seeking the same documentation and information that is sought in the present proceeding if Orthogen follows through on its threat to sue both Dr. Schottenstein and Dr. Capla in a German court.

9. The Declaration of Dr. Daniel H. Sharma sets out in detail how Orthogen could obtain the documentation and information it seeks in this Section 1782 proceeding in a German court by way of the German procedure of Stufenklage and also by way of an action for specific performance of its contractual rights to examine and audit the records and documents of the licensees under the Regenokine License Agreements. As explained by Dr. Sharma, this can be accomplished either by an action on the contracts or under German statutory law. It does not "encourage foreign countries by example" when American courts intervene in their judicial proceedings to usurp and overrule the processes they have set out with particularity in their common law, statutory and procedural law. It is long past the time when the United States has

Case No. 23-mc-80743-DMM

learned that American cultural imperialism does not necessarily engender positive feelings from the governments, industry and society of foreign nations whose culture and government is just as advanced as ours is - if not more so.

First Discretionary Factor

10. Concerning the first discretionary factor, the U.S. Supreme Court stated in *Intel Corporation v. Advanced Micro Devices, Inc.*:

> First, when the person from whom discovery is sought is a participant in the foreign proceeding (as Intel is here), the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. App. to Reply Brief 4a ("When th[e] person [who is to produce the evidence] is a party to the foreign proceedings, the foreign or international tribunal can exercise its own jurisdiction to order production of the evidence.")

542 U.S. at 264. Orthogen International GmbH has stated in its Memorandum of Law in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding that intends to sue the deponents in Germany, and thus they will be participants in that foreign proceeding. This factor, thus, weighs against the Orthogen application.

Second and Third Discretionary Factors

11. Concerning the second and third discretionary factors, the U.S. Supreme Court stated in *Intel Corporation v. Advanced Micro Devices, Inc.*:

> Second, as the 1964 Senate Report suggests, a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. See S.Rep. No. 1580, at 7. .... Specifically, a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.

4

542 U.S. at 264-265. German jurisprudence has specific and detailed statutes, rules and common law court rulings on how to go about obtaining the discovery that Orthogen seeks in its Section 1782 application to the Court. The application made in the present case is an attempt to circumvent those German judicial and governmental policies. In the case of *In re Abud Velech*, 2020 WL 8919124 (S.D. Fla. Dec. 31, 2020), the court stated: "A perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in the court's analysis." 2020 WL 8919124 at ^9. In making its application in the present proceeding, Orthogen has not so much side stepped less than favorable discovery rules, but rather has "thumbed its nose" at the German courts and their rules of procedure and the German legislature and the statutes written to obtain the documents and information sought.

<u>Foruth Discretionary Factor</u>

12. The fourth discretionary factor is "whether the request is otherwise 'unduly intrusive or burdensome.'" *In re Clerici*, 481 F.3d at 1334. In the context of the facts and circumstances surrounding the present application, the request becomes burdensome because it will necessarily raise the obvious risk that the deponents will be subjected to the same discovery at least twice and possibly three times considering the pending case in the Southern District of New York where all three sides are parties and the threatened litigation in Germany.

<u>Forum Non Conveniens</u>

13. A district court has the discretion to decline to exercise jurisdiction under the doctrine of forum non conveniens. The doctrine "authorizes a trial court to decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum." *Ford v. Brown*, 319 F.3d 1302, 1306-1307 (11th Cir. 2003), *quoting*, *Sibaja v. Dow Chemical Co.*,

757 F.2d 1215, 1218 (11th Cir.1985). In the present case, not only would the ongoing proceeding in the Southern District of New York be more convenient[1], it would allow the missing third side to the dispute an opportunity to participate in the proceedings so that the interests of justice can prevail.

    14.    It is stated in *Pierre-Louis v. Newvac Corporation*, 584 F.3d 1052 (11th Cir. 2009):

> a party seeking dismissal for forum non conveniens must demonstrate:
> (1) that an adequate alternative forum is available,
> (2) that relevant public and private interests weigh in favor of dismissal, and
> (3) that the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.

584 F.3d at 1059. An adequate forum is available in the Southern District of New York, where Orthogen is already a party to a lawsuit involving the licensure royalty dispute for which it seeks discovery. There is no doubt that Orthogen can bring any claims it has in the Southern District of New York and seek discovery from the Capla deponents who are already parties to that action. Orthogen's counsel has his main office in New York, New York; its auditing agent, Nina Breidenbach is a party to the Southern District of New York action and Ms. Breidenbach travelled on multiple occasions to New York to perform the audits for Orthogen under the License Agreements which are a central part of the dispute among the parties. Further, Orthogen even reserved the right to file suit in the Southern District of New York in one of the License Agreements it filed with the court in the present proceeding.

    15.    As stated in *Ford v. Brown*:

> Perhaps the most important "private interest" of the litigants is access to evidence. Applying the factors suggested by Justice Jackson in *Gilbert*—access to proof, availability of compulsory process for attendance of unwilling witnesses, and the cost of

---

[1] Counsel for Orthogen has an address of 565 Fifth Avenue, New York, New York within the Southern District of New York

> obtaining witnesses—it becomes apparent that the balance weighs strongly against adjudicating this dispute in Florida.

319 F.3d at 1308. As set out in paragraph 36 of the accompanying Objections to Subpoenas and Motion to Quash or Modify, almost all of the witnesses and documents concerning the Regenokine procedures administered under the License Agreements are located in the Southern District of Florida.

16. Under the doctrine of forum non conveniens, "[t]here is a local interest in having localized controversies decided at home." *Ford v. Brown*, 319 F.3d at 1307. As set out in the factual portion of the accompanying Objections to Subpoenas and Motion to Quash or Modify, the Regenokine procedures performed under the License Agreements were administered in New York to New York patients going to a medical office in New York. The money paid for those procedures was paid in New York, deposited into a New York bank account and the royalty payments made to Orthogen were computed by people in New York consulting records maintained in New York and paid to Orthogen out of a bank account held in New York. In addition to that, all of the audits performed by Orthogen to ensure compliance with the requirements of the License Agreements were performed in New York.

17. "[T]he bias towards the plaintiff's choice of forum is much less pronounced when the plaintiff is not an American resident or citizen." *Ford v. Brown*, 319 F.3d at 1307. Orthogen identifies itself as a "German biotech company" at page 1 of its Memorandum of Law in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding.

<u>Authority to Stay a Section 1782 Discovery Proceeding</u>

18. Both the private and public interests used in a forum non conveniens analysis are in favor of holding these discovery proceedings in the Southern District of New York.

Case No. 23-mc-80743-DMM

19. In *In re Application of De Armas*, 2018 WL 1863748 (S.D. Fla. Mar. 1, 2018), the district court stayed a Section 1782 discovery proceeding pending the outcome of discovery and resolution of substantive matters in both an American state court proceeding and a foreign nation judicial proceeding. In its opinion, the court stated:

> As a general matter, "a district court has the authority to stay proceedings on its own motion or on motion of the parties." *In re Application of Alves Braga,* 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011). And specific to this case, "[t]he broad authority to grant a stay extends to 28 U.S.C. § 1782 proceedings."

2018 WL 1863748 at *6.

20. The court in the *De Armas* case gave numerous reasons for the stay of Section 1782 discovery it granted. The opinion states for its first reason:

> First, a stay will likely resolve many issues relating to the § 1782 prima facie requirements and the Intel discretionary factors. "[T]he reason for [a] district court's stay [is] at least a good one, if not an excellent one[, if it is] likely to have a substantial or controlling effect on the claims and issues in the stayed case."

2018 WL 1863748 at *6. If the presesnt proceedings were stayed pending the outcome of the proceedings in the Southern District of New York, that could very well obviate the need for this proceeding altogether if the discovery sought from the deponents, Edward Capla and Yolanda Capla, is sought and made available to all of the parties to this three sided dispute in the New York action.

21. The *De Armas* opinion states for its second reason for granting the stay:

> Second, a stay will also likely resolve issues concerning the scope of discovery. If Armas can file and continue his dissolution proceeding with the documents that he already received in the state court action (and that the state court defendants expressly allowed Armas to use in Panama), then there is no need for additional discovery. Likewise, if any additional discovery is necessary but may be obtained through the Panamanian procedures outlined by

> Darmiven's Panamanian law expert, then there is no need for § 1782 discovery either.

2018 WL 1863748 at *7. Similarly, for the present proceeding, if the documents and information sought through the subpoenas served on Edward Capla and Yolanda Capla are obtained in the Southern District of New York action, that would obviate the need for obtaining the identical discovery in the current proceeding.

22. The *De Armas* opinion also states that granting a stay would serve "the interests of justice" and cites to *"Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 3970546, at *29 (S.D. Fla. June 30, 2015) (collecting myriad cases holding that courts may exercise their inherent authority to stay cases to promote judicial economy, among other laudable goals)." 2018 WL 1863748 at *7. Having only one proceeding in the Southern District of New York where all parties can participate in a deposition and having Edward Capla and Yolanda Capla deposed only one time instead of two times where both depositions will concern the same subjects will promote judicial economy and be in the interests of justice.

23. The factors for a stay of the proceedings in this court pending the outcome of the action in the Southern District of New York action heavily favor staying the current proceeding and letting the case where all parties can appear be resolved so as to avoid a waste of both judicial and litigant time and resources.

Date: July 6, 2023.                                             Respectfully submitted,

/s/ Joel V. Lumer_____
Joel V. Lumer
Fla. Bar No. 193300
Attorney for Deposition Witnesses
Edward Capla and Yolanda Capla
7000 West Palmetto Park Road-Suite 210
Boca Raton, Florida 33433

9

Case No. 23-mc-80743-DMM

Tel: 561-392-9000
Email: jlumer@lumer-law.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was furnished by mail this July 6, 2023 to Ilana Drescher, Esq., of Bilzin Sumberg Baena Price & Axelrod LLP and to Christopher B. Harwood and Joseph Stern, Esq. of Morvillo Abramowitz Grand Iason & Anello P.C. by filing with the court's electronic filing service.

/s/ Joel V. Lumer_____
Joel V. Lumer