Case Nº:  23–mc–80743-MIDDLEBROOKS-MATTHEWMAN

# United States District Court
### *for the*
## SOUTHERN DISTRICT OF FLORIDA

IN RE APPLICATION OF ORTHOGEN
INTERNATIONAL GMBH


FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDINGS


# MEMORANDUM OF LAW
# IN SUPPORT OF INTERVENTION

## LAW OFFICE OF CORY H. MORRIS
*Attorneys for Douglas Schottenstein, M.D. and
Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine*

863 Islip Avenue
Central Islip, NY 11722
Phone: (631) 450–2515
FAX:   (631) 223–7377
Cory.H.Morris@protonmail.com

# TABLE OF CONTENTS

Table of Authorities ......................................................... ii

Preliminary Statement.......................................................1

Legal Standard ................................................................3

The Facts........................................................................7


Legal Argument ..............................................................11


I.  Douglas Schottenstein, M.D. and Schottenstein Pain
And Neuro, Pllc D/B/A/ Ny Spine should be able to
intervene as of Right.......................................................11

II.   Fairness and Judicial Economy will be promoted for
one court to handle this action: the Southern District of
New York.......................................................................12


Conclusion ....................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Berger v. North Carolina State Conference NAACP*, 142 S. Ct. 2191, 213 L. Ed. 2d 517 (2022) ........................................................................3

*Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013 (11th Cir. 1992) ...........5

*Commissioner, Al Doc v. Advance Local Media, LLC*, 918 F.3d 1161 (11th Cir. 2019) .............................................................................3, 4

*Fisk v. Letterman*, 401 F. Supp. 2d 362 (S.D.N.Y. 2005) ......................12

*In re Clerici*, 481 F.3d 1324 (11th Cir. 2007)......................................6, 7

*In re Esses,* 101 F.3d 873 (2d Cir.1996) .................................................5

*In re Lancaster Factoring Co.,* 90 F.3d 38 (2d Cir.1996) .......................5

*Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004).....6, 7

*Kang v. Noro-Moseley Partners,* 246 Fed. Appx. 662 (11th Cir.2007)...7

*McDonald v. E. J. Lavino Co.,* 430 F.2d 1065, 1073 (5th Cir. 1970) ......4

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel,* 861 F.3d 1278, 1294 (11th Cir. 2017) ...............................................................4

*Walters v. City of Atlanta,* 803 F.2d 1135 (11th Cir. 1986) ....................4

**STATUTES**

28 U.S.C. § 1782 .................................................................................5, 13

**RULES**

Fed. R. Civ. P. Rule 24(a)(2)................................................................3

Fed. R. Civ. P. Rule 24(b)(1)(B .............................................................3

Fed. R. Civ. P. Rule 24(b)(3) .................................................................3

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

## MEMORANDUM OF LAW

Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine ("intervenors" or "Schottenstein") submits this Memorandum of Law in support of intervention either permissively or as of right under the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine move to intervene in the above captioned proceeding that is spawned out of a case he filed first.

Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine is a named defendant in a German Proceeding brought by Orthogen International GmbH after he filed suit in the New York State Supreme Court. Dr. Schottenstein, again, is the object of petitioner's application in the instant case that was filed after a Southern District of New York litigation filed by Dr. Schottenstein, the intervenors.

As stated in Petitioner's Memorandum of Law in Support of the Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 in this case [D.E. 3] (hereinafter "Orthogen MOL"), Orthogen plans to file suit in Germany based on the underpayment of royalties from Edward Capla and Douglas Schottenstein, M.D. (Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine). See. D.E., P. 1. Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine is the corporate entity through with Dr. Schottenstein operated his

1

medical practice for the Regenokine license agreements entered into with Petitioner, Orthogen International GmbH (hereinafter "Orthogen") that are discussed at length in the Orthogen MOL in support of its Ex Parte Application for an Order pursuant to 28 U.S.C. § 1782.

Proposed Intervenors exclusion from this proceeding would impair or impede his ability to protect his interest in the Contemplated German proceeding. Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine further have an interest in this matter in seeking transfer (already a pending application) if not consolidation of all cases mentioned into one action in the Southern District of New York in the interest of judicial economy for the parties, for their counsel, for the production of documents and for the avoidance of duplicative proceedings, inconsistent rulings, results and preservation of judicial resources. For that purpose, the undersigned submits responses to the already pending requests of Edward and Yolanda Capla to transfer and stay the proceedings.

Intervention in this action will not unduly delay the proceedings or prejudice the adjudication of the original parties' rights. Further, a stay this proceeding until the resolution of the first filed case in the Southern District of New York is just to avoid duplicative discovery and promote preservation of party, lawyer and, most importantly, judicial time and resources in what may become inconsistent legal or factual findings without consolidation. Petitioner has sought discovery and engaged three (3) separate

United States District Court judges involving the same parties. No other request for this or similar relief has been requested.

## LEGAL STANDARD

The Proposed Intervenors have an interest in this matter that will be impaired or impeded, as stated at length in *Schottenstein et al v. Capla et al,* 22-cv-10883-PKC (S.D.N.Y.), should intervention be denied at this early stage of litigation.

The Supreme Court of the United States in *Berger v. North Carolina State Conference NAACP*, 142 S. Ct. 2191, 213 L. Ed. 2d 517 (2022), noting that "proposed intervenors [are presented] with only a minimal challenge" under the rules, reiterated that that "Fed. R. Civ. P. Rule 24(a)(2) promises intervention to those who bear an interest that may be practically impaired or impeded 'unless existing parties adequately represent that interest.'" *Id.* at 2195-2196 (citation omitted).

Under Rule 24(a) of the Federal Rules Civil Procedure, a court must allow timely intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest…" *Commissioner, Al Doc v. Advance Local Media, LLC*, 918 F.3d 1161, 1170-1171 (11th Cir. 2019). Similarly, as stated by the Eleventh Circuit, Federal Rule 24(b) allows district courts to permit timely intervention by anyone with "a claim or defense that shares with the main action a common question of law or fact," *id.* at 24(b)(1)(B), but courts must exercise discretion and

consider whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights." *id.* at 24(b)(3).

"Intervention may be timely filed even if it occurs after a case has concluded; timeliness depends on the circumstances of each case." *Commissioner, Al Doc*, 918 F.3d at 1171 (citing *Cf. Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel,* 861 F.3d 1278, 1294 (11th Cir. 2017) (finding intervention timely even though the contested order was entered 33 years earlier). The Eleventh Circuit, in *Commissioner, Al Doc,* recently noted that

> Courts consider four factors in assessing timeliness: (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before petitioning for leave to intervene; (2) the extent of the prejudice that existing parties may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest; (3) the extent of the prejudice that the would-be intervenor may suffer if denied the opportunity to intervene; and (4) the existence of unusual circumstances weighing for or against a determination of timeliness. …Mere knowledge that an action is pending, without appreciation of the potential adverse effect an adjudication of that action may have on one's interests, does not preclude intervention.

*Id.* (external quotation marks and internal citations omitted) (citing *Walters v. City of Atlanta,* 803 F.2d 1135, 1151 n.16 (11th Cir. 1986)). "The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving

4

to intervene." *Commissioner, Al Doc*, 918 F.3d at 1171 (quoting *McDonald v. E. J. Lavino Co.,* 430 F.2d 1065, 1073 (5th Cir. 1970).

Intervention can occur even after a judgment is entered. *Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1015-16 (11th Cir. 1992). Here, Intervention is sought prior to the testimony of any person or production of a single document in either of the two 28 U.S.C. § 1782 proceedings filed by the Petitioner.

## OBTAINING TESTIMONY IN A FOREIGN PROCEEDING

Title 28, section 1782(a), of the United States Code provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.

*Id.* (external quotation marks omitted).

Under § 1782, once the statutory requirements are met, a district court is free to grant discovery in its discretion. *See In re Esses,* 101 F.3d 873, 875 (2d Cir.1996) (per curiam); *In re Lancaster Factoring Co.,* 90 F.3d 38, 42 (2d Cir.1996).

5

Courts review § 1782 applications using two sets of factors—one statutory and one discretionary. See *In re Clerici*, 481 F.3d 1324, 1331-1332 (11th Cir. 2007). The statutory factors permit a district court to grant an application where

> (1) the request [is] made by a foreign or international tribunal, or by any interested person; (2) the request . . . seek[s] evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence [is] for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application[.]

*Id.* at 1331-32 (external quotation marks omitted).

In *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004) the Supreme Court explained that district courts, upon concluding that the statutory § 1782 factors are met, should consider additional factors in deciding whether to exercise their discretion and grant an application. These factors include the following:

> whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for . . . aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance; whether the . . . request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;

6

and whether the request is otherwise unduly intrusive or burdensome.

*Clerici,* 481 F.3d at 1334 (internal quotation marks, external quotation marks and numbering omitted) (quoting *Intel,* 542 U.S. at 264-65).

The Eleventh Circuit, in a post-*Intel* case, has held that a § 1782 applicant is only entitled to discovery that is relevant to the foreign proceeding. See *Kang v. Noro-Moseley Partners,* 246 Fed.Appx. 662, 664 (11th Cir.2007) (affirming order quashing subpoena due to "irrelevance of the requested discovery to the nature of the foreign proceedings") *see also Intel,* 542 U.S. at 262, 124 S.Ct. 2466 (stating that the purpose of ordering discovery under 28 U.S.C. § 1782 is to "assist foreign tribunals in obtaining *relevant* information") (emphasis added).

The foreign proceeding here is entirely based upon the filing of the Proposed Intervenors: the Southern District of New York Case involving all of the named parties herein where all of the discovery sought herein can be obtained through the first-filed proceeding.

## THE FACTS

Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine is a named defendant in a German Proceeding brought by Orthogen International GmbH after he filed suit in the New York State Supreme Court. Dr. Schottenstein, again, is the object of petitioner's application in the instant case that was filed based upon a Southern District of New York litigation filed by Dr. Schottenstein, the intervenors, against Orthogen International GmbH, Petitioners.

The Petitioner's entire proceeding is based upon a Southern District of New York filing against them by Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine.

As stated in Petitioner's Memorandum of Law in Support of the Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 in this case [D.E. 3], Orthogen plans to file suit in Germany based on the underpayment of royalties from Edward Capla and Douglas Schottenstein, M.D. (Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine). See. D.E., P. 1. Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine is the corporate entity through with Dr. Schottenstein operated his medical practice for the Regenokine license agreements entered into with Orthogen International GmbH that are discussed at length in the Orthogen MOL in support of its Ex Parte Application for an Order pursuant to 28 U.S.C. § 1782 both here and in the Southern District of New York.

On October 19, 2023, the undersigned as counsel for Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine received an electronic mail from counsel for Petitioner, Orthogen, which confirmed that counsel for Orthogen intended to produce any documents that the Caplas produce in response to the subpoenas and to confirm that any deposition schedule worked for the intervenors' participation.

Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine are Plaintiffs in the case of *Schottenstein et al v. Capla et al,* 22-cv-10883-PKC (S.D.N.Y.) wherein Edward Capla, Yolanda Capla and Orthogen are named Defendants. Page two (2) of the Memorandum of Law in Support of

8

Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 in the present case states that

> Orthogen learned of the fraud when, in connection with a lawsuit that Dr. Schottenstein recently filed against it and Mr. Capla (among others) in the U.S. District Court for the Southern District of New York ("SDNY Action") arising out of the termination of Dr. Schottenstein's license agreement with Orthogen, Dr. Schottenstein made sworn statements indicating that numbers of patients/royalties were underreported to Orthogen.

*Id.* (external quotation marks omitted).

The factual assertions made in the Petitioner's Orthogen MOL are taken directly from the *Schottenstein et al v. Capla et al,* 22-cv-10883-PKC (S.D.N.Y.) allegations. After the filing of *Schottenstein et al v. Capla et al,* 22-cv-10883-PKC (S.D.N.Y.), Orthogen filed an almost identical 28 U.S.C. § 1782 action against intervenors Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine and requests the same categories of documents as requested in the instant case and seeks deposition of Dr. Schottenstein. Orthogen therefore has two lawsuits seeking the same discovery from the same parties in *Schottenstein et al v. Capla et al,* 22-cv-10883-PKC (S.D.N.Y.) which is still pending before the Honorable United States District Court Judge Castel.

Petitioner seeks to avoid discovery in *Schottenstein et al v. Capla et al,* 22-cv-10883-PKC (S.D.N.Y.) and seeks discovery through petitions filed in both the Southern District of New York and Southern District of Florida. Indeed, after Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC

d/b/a/ NY Spine filed suit in *Schottenstein et al v. Capla et al,* 22-cv-10883-PKC (S.D.N.Y.), Orthogen filed another 28 U.S.C. § 1782 against intervenors in the Southern District of New York under *In Re: Orthogen International GmbH*, under case number 23-mc-00152-VSB.

Proposed Intervenors Dr. Schottenstein and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine filed an Order to Show Cause [D.E. 11] that is not yet resolved in the 28 U.S.C. § 1782 in the Southern District of New York, *In Re: Orthogen International GmbH*, under case number 23-mc-00152-VSB.  The undersigned incorporates the accompanying memorandum of law filed in the Southern District of New York herein and incorporates the arguments contained in these underlying New York proceedings that are still unresolved albeit this matter proceeds.

Intervenors Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine have a direct, substantial and legally protectable interest in this matter as a co-defendant in an actual German Proceeding commenced against him as a defendant nevertheless the Contemplated German Proceeding described in the Memorandum of Law in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 as any testimony given at a deposition ordered by the court could be used in the Contemplated German proceeding where he will, again, become a co-defendant.

No party to this case has the same ultimate objective as Intervenors Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine concerning any testimony given

10

at a deposition ordered by the court which may ultimately be used against him in the Contemplated German Proceeding.

Petitioner used these matters, filed here in the Southern District of Florida and the Southern District of New York, to circumvent the ordinary litigation process that would occur either during or post the initial pleading stage in New York.

## LEGAL ARGUMENT

### I.   DOUGLAS SCHOTTENSTEIN, M.D. AND SCHOTTENSTEIN PAIN AND NEURO, PLLC D/B/A/ NY SPINE SHOULD BE ABLE TO INTERVENE AS OF RIGHT

No party to this case has the same ultimate objective as Intervenors Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine concerning any testimony given at a deposition ordered by the court which may ultimately be used against him in the Contemplated German Proceeding.

The Proposed Intervenors "claims an interest relating to the property or transaction that is the subject of the action," the action they commenced first, "and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," that being the Plaintiff who named all of the parties in this litigation as Defendants, "unless existing parties adequately represent that interest," which cannot occur given their status as Defendants in the Southern District of New York. *Commissioner, Al Doc v. Advance Local Media, LLC,* 918 F.3d 1161, 1170-1171 (11th Cir. 2019)

Proposed Intervenors exclusion from this proceeding would impair or impede his ability to protect his interest in the

11

Contemplated German proceeding. Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine further have an interest in this matter in seeking consolidation of all cases mentioned about into one action in the Southern District of New York in the interest of judicial economy for the parties, for their counsel, for the production of documents and for the avoidance of duplicative proceedings and inconsistent rulings and results and preservation of judicial resources. For that purpose, the undersigned submits responses to the already pending requests of Edward and Yolanda Capla to transfer and stay the proceedings.

Intervention in this action will not unduly delay the proceedings or prejudice the adjudication of the original parties' rights. A stay this proceeding until the resolution of the first filed case in the Southern District of New York is just to avoid duplicative discovery and promote preservation of party, lawyer and, most importantly, judicial time and resources in what may become inconsistent legal or factual findings without transfer if not consolidation.

II.     FAIRNESS AND JUDICIAL ECONOMY WILL BE PROMOTED FOR ONE COURT TO HANDLE THIS ACTION: THE SOUTHERN DISTRICT OF NEW YORK

This proceeding to obtain discovery is spawned out of a pending litigation in the Southern District of New York. A nearly identical proceeding was commenced by Petitioner to obtain discovery, again, based on that same litigation in the Southern District of New York. There are three (3) proceedings that, necessarily, will all allow Petitioners to obtain discovery that utilizes the District Courts of the United States where Petitioner concedes is the appropriate forum, not Germany, where it can obtain discovery.

12

Orthogen asserts at page 12 of its Memorandum of Law in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding [Doc. 3] that the purpose for the discovery sought in this proceeding are (i) to refine its allegations in the Contemplated German Proceeding, (ii) as evidence in the Proceeding, and (iii) ultimately to prove its case in the Proceeding. The same goals can be achieved if the depositions of Edward Capla and Yolanda Capla were taken in the New York action and discovery were taken from the people who have the documentation showing the number of Regenokine Program patient treatments provided during the relevant periods of the License Agreements and the amounts patients paid for such treatments There remains an ongoing case in the U.S. District Court for the Southern District of New York, No. 22-cv-10883-PKC where Orthogen International, GmbH, Edward Capla and Yolanda Capla are parties.

A summons was issued for Orthogen in the SDNY action on May 25, 2023. Edward Capla and Yolanda Capla were served with summonses in the aforementioned SDNY action. The License Agreements and the dispute over royalty payments under the License Agreements are a three sided matter involving Orthogen and its various officers and employees named in the Southern District of New York complaint; Douglas Schottenstein and Schottenstein Pain and Neuro, PLLC d/b/a NY Spine; and Edward Capla in the Southern District of New York complaint. As stated previously to this Honorable Court, and at the very minimum, if the depositions of Edward Capla and Yolanda Capla are taken in the present action in the Southern District of Florida as contemplated, only two of the sides will be parties to the deposition as the Schottenstein entities are not parties to the present proceeding without the intervention sought herein.

13

If the depositions of Edward Capla and Yolanda Capla are taken in the Southern District of New York action, then all three sides to the dispute will be able to participate – perhaps this is the appropriate course of action. Orthogen stated at page three (3) of its Memorandum of Law in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding [Doc. 3] that "Orthogen intends to initiate a lawsuit against Mr. Capla and Dr. Schottenstein in Germany."

Orthogen is attempting to circumvent the pending Southern District of New York Action to do in the present proceeding is to take two day-long depositions of these witnesses that would necessarily be deposed in the New York action if and when it proceeds. It will promote judicial economy and also save time and resources for the deponents, not just Edward Capla and Yolanda Capla but Proposed Intervenors, if they were deposed only once in the Southern District of New York action instead of being deposed twice - regarding the same facts involving the same dispute - once in the present case and then again in the New York action.

## CONCLUSION

Proposed Intervenors Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine wish to intervene as a matter of right and prior to the undertaking of, among other things, depositions of persons it named as Defendants along with Petitioners in the Southern District of New York.

For the reasons stated above, this application should be granted together with all other relief that this Honorable Court deems just and proper given the circumstances presented to this Court.

DATED AT: Central Islip, NY
        November 13, 2023

/s/  Cory H. Morris /s/
_____

THE LAW OFFICES OF CORY H. MORRIS
*Cory H. Morris (CM5225)*
*Attorneys for Douglas Schottenstein, M.D.*
*and Schottenstein Pain and Neuro, PLLC*
*d/b/a/ NY Spine*

Office & P.O. Address
863 Islip Avenue
Central Islip, New York 11722
Phone: (631) 450–2515
Email : Cory.H.Morris@protonmail.com

15